*IN THE SUPREME COURT, STATE OF WYOMING*

**2017 WY 37**

*April Term, A.D. 2017*

*April 5, 2017*

| | |
|---|---|
| THE UNAUTHORIZED PRACTICE OF LAW COMMITTEE, WYOMING STATE BAR,<br><br>Petitioner,<br><br>v.<br><br>RAZOR CITY REALTY, a partnership of KEVIN L. BECK, Responsible Broker, Wyoming License No. 1065, and RICHARD K. KISTLER, Associate Broker, Wyoming License No. 5006,<br><br>Respondents. | D-17-0001 |

## ORDER APPROVING CONSENT AGREEMENT

[¶1]   **This matter** came before the Court upon a "Report and Recommendation for Approval of Consent Agreement," filed herein March 2, 2017, by the Unauthorized Practice of Law Committee of the Wyoming State Bar (the Committee).  After a careful review of the Committee's Report and Recommendation, the attached "Consent Agreement," the materials attached thereto, and the file, this Court finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court, and that the parties' Consent Agreement should be approved, pursuant to Rule 7(e) of the Rules of Procedure Governing Unauthorized Practice of Law.  It is, therefore,

[¶2]   **ADJUDGED AND ORDERED** that the Unauthorized Practice of Law Committee's "Report and Recommendation for Approval of Consent Agreement," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]  **ADJUDGED AND ORDERED** that the parties' "Consent Agreement" be, and hereby is, accepted by this Court and the terms of the Consent Agreement are hereby adopted.

[¶4]  **DATED** this 4th day of April, 2017.

                                      **BY THE COURT:**

                                      /s/

                                      **E. JAMES BURKE**
                                      **Chief Justice**

**D-17-0001**

*In the matter of* )
*RAZOR CITY REALTY,* )
*a partnership of KEVIN L. BECK,* )
*Responsible Broker, Wyoming License* )
*No. 1065, and RICHARD K. KISTLER,* ) *UPL Docket No. 2016-004*
*Associate Broker, Wyoming License* )
*No. 5006,* )
)
*Respondents.* )

IN THE SUPREME COURT
STATE OF WYOMING
FILED

MAR 02 2017

PATRICIA BENNETT, CLERK

## REPORT AND RECOMMENDATION
## FOR APPROVAL OF CONSENT AGREEMENT

THIS MATTER having come before the Unauthorized Practice of Law Committee (the "Committee") upon the recommendation of Bar Counsel for approval of a Consent Agreement in the above-captioned matter, and the Committee having considered the matter and being fully advised in the premises, finds, concludes and recommends:

1. Kevin L. Beck is the Responsible Broker for Razor City Realty ("Razor City"), and holds Wyoming Real Estate Commission License No. 1065.

2. Richard K. Kistler is an Associate Broker for Razor City, and holds Wyoming Real Estate Commission License No. 5006.

3. On or about June 9, 2016, Michael Carver, manager of Your Computer Store, LLC, approached Razor City about the possible sale of the assets of Your Computer Store, LLC. After some negotiation, Razor City and Mr. Carver entered into and executed an Exclusive Right to Sell Listing Contract (Business Assets, Leasehold Interest and/or Real Property) (WAR Form 104-1105) (the "Listing Agreement"), a copy of which Listing Agreement is attached as Exhibit A to the Consent Agreement.

4. Mr. Carver, for and on behalf of Your Computer Store, LLC, executed a Real Estate Brokerage Disclosure on June 10, 2016, designating Razor City as the Seller's agent for the potential sale of the assets of Your Computer Store, LLC (WAR Form 410-0709), a copy of which Real Estate Brokerage Disclosure is attached as Exhibit B to the Consent Agreement.

5. On or about August 2, 2016, Timothy T. Alexander approached Razor City about the possibility of purchasing the assets of Your Computer Store, LLC. After discussion, Mr. Alexander submitted an offer to purchase the assets for the sum of $35,000.00.

6. Razor City prepared a Contract to Buy and Sell Real Estate (Commercial) (WAR Form 310-0411) (the "LLC Purchase and Sale Contract") reflecting Mr. Alexander's offer and making significant modifications to the WAR Form.

7. Mr. Carver accepted the offer on August 3, 2016, as evidenced by his signature on the LLC Purchase and Sale Contract, a copy of which is attached as Exhibit C to the Consent Agreement.

8. As with Mr. Carver, Razor City provided to Mr. Alexander a Real Estate Brokerage Disclosure dated August 2, 2016, a copy of which is attached as Exhibit D to the Consent Agreement.

9. In addition to the Real Estate Brokerage Disclosure provided to Mr. Alexander, Razor City provided a "Notice to Purchasers" advising Mr. Alexander of the potential need to consult with licensed professionals including, inter alia, an attorney, a copy of which is attached as Exhibit E to the Consent Agreement.

10. On August 4, 2016, Mr. Alexander remitted payment to Mr. Carver in the amount of $35,000.00 via cashier's check, a copy of which is attached as Exhibit F to the Consent Agreement.

2

11.     On August 4, 2016, Razor City invoiced Mr. Carver for its 5% commission in the amount of $1,750.00, a copy of which invoice is attached as Exhibit G to the Consent Agreement.

12.     Mr. Carver remitted payment via check in the amount of $1,750.00 to Razor City on August 5, 2016, a copy of which is attached as Exhibit H to the Consent Agreement.

13.     The Wyoming Supreme Court's Rules Governing the Wyoming State Bar and the Authorized Practice of Law provide, in relevant part:

> **Rule 7.  Authorization to practice law.**
> (a)  The following persons are authorized to practice law in Wyoming:
>> (1)  Members of the Wyoming State Bar, as more fully delineated and subject to the limitations set forth in the Bylaws of the Wyoming State Bar;
>> (2)  Attorneys who have been granted pro hac vice admission as provided in Rule 8, subject to the limitations set forth in that rule;
>> (3)  Law school clinic supervising attorneys meeting the qualifications of Rule 9, subject to the limitations set forth in that rule;
>> (4)  Law students meeting the qualifications of Rule 9, subject to the limitations set forth in that rule; and
>> (5)  Attorneys meeting the qualifications of Rule 5.5(d) of the Wyoming Rules of Professional Conduct, subject to the limitations set forth in that rule.
> (b)  "Practice law" means providing any legal service for any other person, firm or corporation, with or without compensation, or providing professional legal advice or services where there is a client relationship of trust or reliance, including appearing as an advocate in a representative capacity; drafting pleadings or other documents; or performing any act in a representative capacity in connection with a prospective or pending proceeding before any tribunal.
> (c)  Whether or not they constitute the practice of law, the following are not prohibited:
> ***
>> (3)  Statutorily authorized acts by a real estate agent or broker licensed by the Wyoming Real Estate Commission.
> ***

and

14.     The above-described purchase and sale of Your Computer Store, LLC, did not involve the purchase and sale of any real property, commercial or otherwise.

3

15.     A copy of the LLC Purchase and Sale Agreement was submitted to the Office of Bar Counsel, Wyoming State Bar as a possible Unauthorized Practice of Law matter.

16.     Following Bar Counsel's investigation of the matter pursuant to the Rules of Procedure Governing Unauthorized Practice of Law Proceedings (the "UPL Procedural Rules"), the parties have come to terms on the Consent Agreement as provided in Rule 5(f)(3) of said Rules.

WHEREFORE, pursuant to Rule 7(c) of the UPL Procedural Rules, the Committee recommends that the Court approve the Consent Agreement.

DATED this _26th_ day of February, 2017.


_____
Christine Stickley, Chair
Unauthorized Practice of Law Committee
Wyoming State Bar


# CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was sent by U.S. mail this _1st_ day of ~~February,~~ March 2017, to the following:

James R. Salisbury
1720 Carey Avenue, Suite 500
Cheyenne, WY 82001
Counsel for Respondents


_____

4